UNITED STATES DISTRTICT COURT
SOUTHER DISTRICT OF OHIO
EASTERN DIVISION

EDWARD GRESHAM,

       **Plaintiff,**

                                       **Civil Action 2:14-cv-1906**
   **v.**                                 **Judge Michael A. Watson**
                                       **Magistrate Judge Elizabeth P. Deavers**

GARY C. MOHR, *et al.*,

       **Defendant.**

**OPINION AND ORDER**

Plaintiff, Edward Gresham, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting medical indifference claims against Defendants, employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and Pickaway Correctional Institution ("PCI").  This matter is before the Court for consideration of Plaintiff's Motion for a New Trial Schedule (ECF No. 17), Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 18), Plaintiff's Motion to Appoint Counsel (ECF No. 23), Defendants' Motion Requesting a Stay of the Dispositive Motion Deadline (ECF No. 25), and the parties' memoranda in opposition and replies in support of the foregoing Motions.  (ECF Nos. 19, 22, and 26.)  For the reasons that follow, Plaintiffs' Motion for a New Trial Schedule (ECF No. 17) is **DENIED AS MOOT**, Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 18) is **DENIED**, Plaintiff's Motion to Appoint Counsel (ECF No. 23) is **DENIED WITHOUT PREJUDICE**, and Defendants' Motion Requesting a Stay of the Dispositive Motion Deadline (ECF No. 25) is **GRANTED**.

**I.**

Plaintiff filed the subject action on October 14, 2014.  (ECF No. 14.)  Due to delay attributable Plaintiff's failure to properly submit either the requisite filing or an application for leave to proceed *in forma pauperis*, service over Defendants was not ultimately effected until February 2015.

According to the Complaint, Plaintiff underwent spinal surgery in May 2013.  He was not taken to his August 2013 appointment, but instead talked with a neurosurgeon via a "Tele-Med" appointment.  (Compl. ¶ 16, ECF NO. 1.)  Plaintiff alleges that following the surgery, he has continued to experience problems, including numbness, an inability to stand in the shower, severe pain when the water comes in contact with his surgical scar, "continual pounding in his right leg up to his back," and back spasms.  (*Id*. at ¶ 17.)  Plaintiff alleges that despite these complaints, Defendants have denied him treatment with a neurosurgeon or other adequate treatment.  Plaintiff advances medical indifference claims and seeks monetary, declaratory, and injunctive relief.

Defendants filed their Answer on March 30, 2015.  (ECF No. 12.)  On March 31, 2015, the Court issued a Scheduling Order, setting the deadline for seeking amendments to the pleadings as June 1, 2015; the deadline for completion of discovery as December 1, 2015; and the deadline for filing motions for summary judgment and any motion raising the defense of qualified immunity as January 4, 2016.  (ECF No. 13.)  The Court subsequently granted Defendants' request for an extension of the deadline for dispositive motions, extending the deadline for filing dispositive motions to May 3, 2016.  (ECF No. 16.)

On December 31, 2015, Plaintiff contemporaneously filed a Motion for Leave to File a Supplemental Complaint and his request for a new trial schedule.  (ECF Nos. 17 and 18.)  In his Motion for Leave to File a Supplemental Complaint, he states that he "moves this Honorable Court to Supplement his claim herein with the following, ***based on events that occurred subsequent to the events of the primary claim here***."  (Pl.'s Mot. to Supp. 1, ECF No. 18 (emphasis in original).)  Plaintiff identifies twelve individuals he names in his proposed Supplemental Complaint, five of whom are named in the original Complaint.  The remainder of his thirteen-page filing appears to be his proposed Supplemental Complaint.  As best as the Court can discern, in his proposed Supplemental Complaint, Plaintiff alleges that after he was accused of abusing his pain medications in November 2013, a number of the proposed defendants participated in a conspiracy to discontinue his medication without a doctor's order, some with the intent to cause him pain and suffering and others with the desire to cut costs.  Plaintiff asserts that instead, the appropriate response to suspicion of medication abuse is to crush or dissolve the medication in accordance with ODRC policy.  Plaintiff alleges that as a result, he has suffered "98 weeks of torture; pain so intense that he [is] suffering sleep deprivation, and constant unrelenting pain . . . ."  (Proposed Supp. Compl. 6, ECF No. 18.)

In his contemporaneously filed request for new trial schedule, Plaintiff seeks an extension of the case schedule on the grounds that he needs additional time to effect service of process over the additional defendants he seeks to name and to develop the new claims he seeks to assert. (ECF No. 17.)

In their January 22, 2015 Memorandum in Opposition to Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 19), Defendants assert that the Court should deny Plaintiff leave to supplement his Complaint on the grounds of undue delay.  Defendants

alternatively argue that denial is warranted on futility grounds.  More specifically, Defendants assert that Plaintiff's proposed additional claims are time-barred, barred by the Eleventh Amendment, and fail to state a claim.

In his April 11, 2016 Reply (ECF No. 22), Plaintiff emphasizes that the events giving rise to the claims he seeks to assert in his Supplemental Complaint transpired after the events giving rise the claims in his original Complaint.  He then proceeds to make additional allegations against a number of the defendants he named in his proposed Supplemental Complaint, concluding that he has stated a claim with regard to each of them.

On April 19, 2016, Plaintiff filed a Motion to Appoint Counsel.  (ECF No. 23.)  In this Motion, Plaintiff asserts that "[t]he complexity that surrounds the appropriate protocol for back surgery . . . is beyond the competence that can reasonably be expected of a lay indigent inmate litigant."  (*Id*. at 1.)  Plaintiff also argues the merits of his claim.  In their Memorandum in Opposition (ECF No. 26), Defendants maintain that that appointment of counsel is not warranted because Plaintiff's claims are "relatively straightforward and are no more complex than thousands of similar claims filed by *pro se* prisoners each year in the federal courts . . . ."  (Defs.' Mem. in Opp. 2, ECF No. 26.)  Defendants further assert that Plaintiff's submissions in this case reflect that he has the ability to represent himself.

On May 2, 2016, Defendants contemporaneously filed a Motion for Judgment on the Pleadings (ECF No. 24) and a Motion to Stay (ECF No. 25).  In their Motion for Judgment on the Pleadings, Defendants assert that dismissal of this action is warranted on a number of grounds, including Eleventh Amendment Immunity, failure to exhaust administrative remedies, qualified immunity, and a failure to state a claim upon which relief can be granted.  In their Motion to Stay, Defendants ask the Court to stay the dispositive motions deadline pending

4

resolution of their pending Motion for Judgment on the Pleadings.  Defendants maintain that a stay is warranted in order to preserve resources, explaining that the filing of a motion for summary judgment would be unnecessary should their Motion for Judgment on the Pleadings be successful.  Defendants point out that they have only previously requested one extension of time and that the requested stay should not result in prejudice to Plaintiff's case.

## II.

### A.  Plaintiff's Motion for Leave to Supplement Complaint (ECF No. 18)

Plaintiff maintains that he is moving to supplement his Complaint because he seeks to add claims and allegations "based on events that occurred subsequent to the events" giving rise to the claims in his original Complaint.  (Pl.'s Mot to Supp. 1, ECF No. 18.)  The Federal Rules of Civil Procedure, however, employ the term "supplemental pleadings" to refer to pleadings "setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*."  Fed. R. Civ. P. 15(d) (emphasis added).  Here, it appears that Plaintiff seeks to add allegations and claims relating to events that transpired prior to the filing of the instant action.  For example, Plaintiff alleges that he was accused of abusing his medications in November 2013, which he further alleges ultimately resulted in the discontinuance of his medication.  (Proposed Supp. Compl. 3, ECF No. 18.)  He also alleges that as a result of the proposed defendants' actions, he has suffered "98 weeks of torture."  (*Id*. at 6; *see also id*. at 10 (seeking monetary compensation "for the 98 weeks (as of the date hereof) during which he was subject to torture at the hands of these Defendants" (parenthetical in original).)  Ninety-eight weeks prior to the filing of his December 2015 Motion to Supplement calculates to June 2014, which precedes the October 14, 2014 filing of his Complaint.  Thus, Plaintiff's Motion is

construed as seeking leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4).  *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)).  "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)."  *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ."  Fed. R. Civ. P. 16(b)(4).  The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ."  *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008).  In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements."  *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule

upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'")  Finally, the Court must also consider "potential prejudice to the nonmovant . . . ."  *Leary*, 349 F.3d at 909.  Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a).  *Commerce*, 326 F. App'x at 376.  Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be futile*.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis added).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require

"'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The Court finds that Plaintiff has failed to demonstrate that good cause exists under Rule 16(b)(4) to modify the case schedule.  As set forth above, the key inquiry is whether Plaintiff was diligent in his efforts to meet the June 1, 2015 deadline for seeking amendments to the

pleadings that the Court set forth in the March 31, 2015 Scheduling Order (ECF No. 13). Here, Plaintiff failed to proffer any justification in either his Motion or his Reply even though Defendants argued that that his Motion should be denied on the grounds of his delay in seeking leave. Moreover, the allegations Plaintiff seeks to assert in his proposed Supplemental Complaint belie any potential argument that he did not learn of the facts giving rise to the new claims he seeks to assert until after the deadline for seeking amendments to pleadings had expired. (*See* Proposed Supp. Compl. 6 and 10, ECF No. 18 (alleging that the discontinuance of his medications had caused him to suffer for ninety-eight weeks).) In view of Plaintiff's inexplicable delay in seeking amendment, the Court cannot conclude that Plaintiff has demonstrated the requisite diligence to establish good cause as required under Rule 16.

Although Plaintiff's inability to set forth good cause is dispositive of his Motion, the Court further notes that even if he satisfied Rule 16(b), the Court would deny his amendment under the Rule 15(a) standards. As Defendants point out in their Memorandum in Opposition, permitting the amendment Plaintiff seeks would result in undue delay. This case was filed nearly nineteen months ago, discovery has closed, and all that remains is the resolution of dispositive motions. The proposed Supplemental Complaint adds new claims against twelve defendants, seven of whom are not presently defendants. Thus, permitting amendment would result in extreme delay as Plaintiff would require additional time to effect service of process over these new defendants and discovery would need to be re-opened. Moreover, though the Court declines to consider all of the bases Defendants have raised in support of their contention that Plaintiff's proposed Supplemental Complaint is futile, the Court notes that Plaintiff's proposed Supplemental Complaint fails to satisfy the basic federal pleading requirements set forth Rule 8(a). For example, with regard to some of the defendants, the Court is unable to discern what

particular claims he is attempting to assert. In addition, Plaintiff improperly includes numerous allegations that appear immaterial to any claims he could be seeking to assert.

In sum, Plaintiff's Motion for Leave to Supplement Complaint is **DENIED**. (ECF No. 18.)

**B.     Plaintiff's Motion for a New Trial Date (ECF No. 17)**

As set forth above, Plaintiff requested a new trial schedule to accommodate the additional time he needed to effect service of process over the additional defendants he named in his proposed Supplemental Complaint and also to allow time to develop his new claims. The Court's denial of Plaintiff's Motion for Leave to Supplement Complaint therefore renders his Motion for a New Trial Date moot. Accordingly, Plaintiff's Motion for a New Trial Date is **DENIED AS MOOT**. (ECF No. 17.)

**C.     Plaintiff's Motion to Appoint Counsel (ECF No. 23)**

Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606; *see also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (noting "that courts within this circuit, absent extraordinary circumstances, do not appoint lawyers for indigent and pro se prisoners in civil rights cases and in prisoner grievance-type cases"). In evaluating whether such "exceptional circumstances" exist, courts consider "the type of case and the abilities of the plaintiff to represent himself," which includes an assessment of "the complexity of the factual and legal issues involved." *Lavado*, 992 F.2d at 606 (internal quotation marks and citations omitted).

The Court has evaluated whether such exceptional circumstances exist in this case and determines that appointment of counsel is not warranted at this juncture. The Court finds instead that Plaintiff's medical indifference claims are relatively straightforward and that he has demonstrated the capacity to represent himself adequately. Contrary to Plaintiff's assertions, resolution of his claims does not require Plaintiff or this Court to comprehend the complexities of spinal surgery. Should Plaintiff's claims survive dispositive motions, however, the Court will re-evaluate whether appointment of counsel is warranted. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** to refiling following the disposition of dispositive motions.

**D.      Defendants' Motion to Stay the Dispositive Motions Deadline (ECF No. 25)**

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977).

Here, Defendants seek only a limited stay of the dispositive motions deadline pending resolution of their Motion for Judgment on the Pleadings. The Court is persuaded that the limited and temporary stay Defendants seek is warranted. It is beyond dispute that Defendants' Motion for Judgment on the Pleadings presents threshold legal questions. Thus, resolution of Defendants' Motion for Judgment on the Pleadings could dispose of the entire case or at least simplify the issues presented in this action. The requested stay would therefore preserve both the Court's and the parties' resources. Moreover, it does not appear that the short stay contemplated will unduly prejudice or tactically disadvantage Plaintiff.

In sum, the Court finds that Defendants have carried their burden to show that a stay is appropriate under the circumstances presented in this case. The Court therefore exercises its discretion to conclude that a temporary stay pending resolution of Defendants' Motion for Judgment on the Pleadings is warranted. Accordingly, Defendants' Motion to Stay the Dispositive Motions Deadline is **GRANTED**. The dispositive motions deadline is **STAYED** pending resolution of Defendants' Motion for Judgment on the Pleadings. If appropriate, the Court will re-establish the deadline for filing dispositive motions in connection with the resolution of the pending Motion for Judgment on the Pleadings.

## III.

For the reasons that follow, Plaintiffs' Motion for a New Trial Schedule (ECF No. 17) is **DENIED AS MOOT**, Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 18) is **DENIED**, Plaintiff's Motion to Appoint Counsel (ECF No. 23) is **DENIED WITHOUT PREJUDICE**, and Defendants' Motion Requesting a Stay of the Dispositive Motion Deadline (ECF No. 25) is **GRANTED**. The dispositive motions deadline is **STAYED** pending resolution of Defendants' Motion for Judgment on the Pleadings. If appropriate, the Court will re-establish

the deadline for filing dispositive motions in connection with the resolution of the pending

Motion for Judgment on the Pleadings.

       **IT IS SO ORDERED.**

Date: May 6, 2015                /s/ Elizabeth A. Preston Deavers
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE