UNITED STATES DISTRTICT COURT
SOUTHER DISTRICT OF OHIO
EASTERN DIVISION

**EDWARD GRESHAM,**

      **Plaintiff,**

   v.

      Civil Action 2:14-cv-1906
      Judge Michael A. Watson
      Magistrate Judge Elizabeth P. Deavers

**GARY C. MOHR,** *et al.***,**

      **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, Edward Gresham ("Plaintiff" or "Gresham"), a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' Motion for Judgment on the Pleadings (ECF No. 24), Plaintiff's Memorandum in Opposition (ECF No. 30), and Defendants' Reply to the Opposition (ECF No. 31). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED**.

### I.

According to the Complaint, Plaintiff underwent spinal surgery in May 2013 at the Ohio State University Medical Center in order to "correct damaged disks and pinched nerves in Gresham's spine, including spinal stenosis." (Compl. ¶ 14, ECF NO. 1.) Following the spinal surgery, Plaintiffs alleges, he was scheduled for an appointment with the neuro-clinic on August 13, 2013. He was not taken to his August 2013 appointment, however, but instead talked with a neurosurgeon via a "Tele-Med" appointment. (*Id*. ¶ 16.) Plaintiff alleges that following the

1

surgery, he has continued to experience problems, including numbness, an inability to stand in the shower, severe pain when the water comes in contact with his surgical scar, "continual pounding in his right leg up to his back," and back spasms.  (*Id*. at ¶ 17.)  Plaintiff alleges that despite these complaints, Defendants have denied him treatment with a neurosurgeon or other adequate treatment.

For example, as a result of these continued medical issues, Plaintiff signed up to be seen by the institutional physician.  In March of 2014, Plaintiff alleges, he was evaluated by Defendant Dr. Kenneth Saul, one of the institutional doctors.  Gresham further alleges that he "described in detail the problems he was having and requested a consult for a follow-up appointment with the neurosurgeons to have problems addressed and treated by them."  (*Id*. ¶ 19.)  Dr. Saul, however, told Plaintiff there was nothing he could do.  (*Id*.)  Subsequently, in March 2014, Gresham states that he submitted an informal complaint ("ICR") to the Health Care Administrator, Defendant Nurse Heather Hogan R.N.  in which he explained he was being denied constitutionally adequate medical care and requested another consult and a follow-up appointment with the neurosurgeons.  (*Id*. ¶ 20.)  Defendant Hogan subsequently denied Plaintiff the requested relief.  When Plaintiff filed a grievance to protest Defendant's Hogan's decision, it resulted again in an unfavorable disposition—a process which Plaintiff claims each of the remaining Defendants assisted with overseeing.  (*Id*. ¶¶ 21, 23, 24, 28.)

Plaintiff advances medical indifference claims and seeks monetary, declaratory, and injunctive relief.  He names Gary Mohr, Director, Ohio Department of Rehabilitation & Correction, Dr. Andrew Eddy, Medical Director, Ohio Department of Rehabilitation & Correction, John Gardner, Nurse Practitioner, Ohio Department of Rehabilitation & Correction,

Dr. Arthur Hale, Pickaway Correctional Institution, Nurse Melissa Rosch, R.N. Nursing Supervisor, Pickaway Correctional Institution, Saul and Hogan as Defendants.

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.

**A.     Plaintiff's Official Capacity Claims**

The Undersigned agrees with Defendants, that to the extent Plaintiff seeks money damages from them in their official capacities, the Eleventh Amendment bars his claims. The Eleventh Amendment provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign

4

immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages.  *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's official capacity claims.

**B.     Plaintiff's Individual Capacity Claims**

Plaintiff's § 1983 claims against Defendants Mohr, Eddy, Gardner, Hale, and Rosch in their individual capacity likewise fail.  A plaintiff bringing an individual-capacity claim under § 1983 "seek[s] to impose individual liability upon a government officer for actions taken under color of state law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To sufficiently plead a § 1983 claim, a plaintiff must allege "personal involvement" because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants Mohr, Eddy, Gardner, Hale and Rosch were personally involved in any violation of Plaintiff's rights.  It is not enough that because of their positions of leadership, Defendants Eddy, Gardner, Hale and Rosch allegedly reviewed and denied Plaintiff's "request for further follow-up with the neurosurgeons."  (Compl. ¶ 28.)  Nor is it enough that these Defendants "have implemented and are enforcing an unconstitutional and clandestine policy, practice or custom of a collegiate review system to determine which prisoner needs outside medical care by specialists."  (Compl. ¶¶ 31, 33, 34.)  *See*, *e.g.*, *Dixon v. Mohr*, No. 1:12-cv-294, 2012 WL 1854295, at *4 (S.D. Ohio May 21, 2013) (dismissing § 1983 claim

5

premised upon alleged medical indifference against the ODRC's director where the claim was based on the plaintiff's theory that the director was liable because he was the boss).

Nor is it enough that Defendants Saul and Hogan allegedly medically mistreated Plaintiff. Defendant Saul allegedly "reviewed the EMG results in Gresham's medical chart and then told him, 'there's nothing we can do'" when Plaintiff described ongoing spinal issues.  (Compl. ¶ 19.) Defendant Hogan allegedly denied a request from Plaintiff for a consult and follow-up appointment with the neurosurgeons to have his continued post-surgery spinal problems addressed.  (Compl. ¶ 20.)  But, incompetence or negligence, even if it results in significant harm, does not violate the Eighth Amendment.  *See Phaneuf v. Collins*, 509 F. A'ppx 427, 431 (6th Cir. 2012) (citing *Wilson v. Seiter*, 501 U.S. 294, 296 (1991)) (no violation of the Eighth Amendment unless an official acts with a "culpable state of mind in inflicting that harm"); *Minneci v. Pollard*, 565 U.S. 118, 129 (2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)) (noting that a prisoner seeking to show an Eighth Amendment violation must typically demonstrate that the defendant acted with deliberate indifference); *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)) ("'[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'").  Thus, even if the Court agreed that Defendants' alleged knowledge of the purported medical incompetence was tantamount to personal involvement, it would not save Plaintiff's individual capacity claim. Accordingly, dismissal of Plaintiff's individual capacity claims against Defendants Saul and Hogan is appropriate.

6

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual capacity claims.

### IV.

For the reasons stated above, it is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED**.  (ECF No. 24.)

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: February 3, 2017 　　　　　　　　　　　 /s/ Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE